IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:18-CR-196-FL-3

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER ON PRELIMINARY |
| ) | EXAMINATION AND DETENTION |
| CHARLES MILTON SMITH, JR., ) | 18 U.S.C. § 3141 *et seq.* |
| ) | Fed. R. Crim. P. 32.1(a)(6) |
| Defendant. ) | |

This matter came before the court today for a preliminary examination on the government's motion to revoke Defendant's supervised release and for a hearing on the government's motion to detain Defendant pursuant to 18 U.S.C. § 3141 *et seq.*

I.

Following his conviction for possession of stolen firearms and aiding and abetting in violation of 18 U.S.C. §§ 922(j)(1), 924(a)(2) and 2, Defendant commenced a 36-month term of supervised release on or about February 10, 2021. [DE-94, -163]. The government filed an initial and amended motion for revocation of supervised release on April 1, 2022, and July 20, 2022, respectively. [DE-147 & -154]. The instant motion before the court, the government's Second Amended Motion for Revocation, was filed on October 26, 2022. [DE-163]. In its motion the government alleges Defendant has violated the terms of supervised release by using a controlled substance, incurring new criminal conduct, and failing to participate in a substance abuse treatment program. *Id.*

II.

At the commencement of the consolidated hearings, Defendant advised the court through counsel of his intention to waive the preliminary examination in this matter. The court conducted

further inquiry of Defendant and counsel in open court, and accepted Defendant's knowing and voluntary waiver of the preliminary examination. Accordingly, the court finds probable cause to support the government's motion for revocation of Defendant's supervised release.

In addition, having considered the record pursuant to 18 U.S.C. § 3142(g) and based on the findings and reasons stated below and in open court, the court finds Defendant has failed to establish by clear and convincing evidence that he will not pose a danger to any other person or to the community as required. *See* Fed. R. Crim. P. 32.1(a)(6). The government's motion for detention is therefore allowed.

The law requires that Defendant be detained pending further proceedings on the grounds that he represents a danger to the community, based on the following principal findings and reasons: (1) the nature of the alleged violations and the strength of the government's case for revocation based on the credible testimony of United States Probation Officer Glabman, (2) repeated violations of supervision requiring earlier court action in this matter, and (3) other findings and reasons stated in open court. The court has considered the testimony of Defendant's mother as a proposed third-party custodian but finds the factors for detention outweigh those in favor of release.

III.

Accordingly, Defendant is committed to the custody of the Attorney General or a designated representative for confinement in an appropriate correction facility pending resolution of this matter. Defendant shall be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshals for the purpose of an appearance in connection with a court proceeding.

SO ORDERED, the 27th day of October 2022.

_____
Robert B. Jones, Jr.,
United States Magistrate Judge

3